UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN CULBERT, JR.                          :
940 Galbraith Avenue                          :          TERM, 2014
Marcus Hook, PA 19061                         :
                                              :
                        Plaintiff             :   NO.
                                              :
        vs.                                   :
                                              :
STATE FARM MUTUAL AUTOMOBILE                  :
INSURANCE COMPANY                             :
One State Farm Plaza                          :
Bloomington, IL 61710                         :
                                              :
                        Defendant             :   JURY TRIAL DEMANDED

COMPLAINT IN CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE ONE READING CENTER PHILADELPHIA, PA 19107 TELEPHONE: (215) 238-6333 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL ONE READING CENTER FILADELFIA, PA 19107 TELÉFONO: (215) 238-6333 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEPHEN CULBERT, JR. | : | |
| 940 Galbraith Avenue | : | TERM, 2014 |
| Marcus Hook, PA 19061 | : | |
| | : | |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | |
| COMPANY | : | |
| One State Farm Plaza | : | |
| Bloomington, IL 61710 | : | JURY TRIAL DEMANDED |

Defendant

## CIVIL ACTION COMPLAINT

Comes now the Plaintiff, Stephen Culbert, Jr., by and through his counsel, Christopher J. Heavens and Heavens Law Firm, PLLC, and moves for judgment against the Defendant on grounds and in the amount as follows:

1.      At all times relevant herein, the Plaintiff, Stephen Culbert, Jr., was and is a citizen and resident of Marcus Hook, Delaware County, Pennsylvania.

2.      At all times relevant herein, Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter referred to as "State Farm") was a foreign corporation with a home office at One State Farm Plaza, Bloomington, Illinois, and conducting business in Delaware County, Pennsylvania, and State Farm is subject to the jurisdiction of this Court.

## I. Federal Jurisdiction

3.      Diversity of citizenship exists between the Plaintiff, resident and citizen of Delaware County, Pennsylvania, and the Defendant, a foreign corporation conducting

business in Delaware County, Pennsylvania, and Defendant is subject to the jurisdiction of this Court, pursuant to 28 U.S.C. 1332.

4.      Said diversity of citizenship existed at the time of the accident which forms the basis of the Plaintiff's legal claims against the defendant and continues to exist at the time of the filing of this complaint.

5.      Plaintiff's damages on the legal claims asserted herein exceed $75,000.

6.      Because of said diversity of citizenship, the United States District Court for the Eastern District of Pennsylvania has jurisdiction over the legal claims being asserted by the Plaintiff against the defendant and that United States District Court for the Eastern District of Pennsylvania has jurisdiction over the defendant.

7.      State Farm regularly conducts business in Delaware County, Pennsylvania, writes coverage here, and the United States District Court for the Eastern District of Pennsylvania is a court of competent jurisdiction for the purposes set forth in the State Farm policy and Plaintiff requests that the Plaintiff's underinsured motorist claim be submitted for legal determination in this court of law.

## II. Cause of Action, Damages and Requested Relief

8.      Plaintiff is an adult individual who at all times relevant hereto had a mailing address at the above address and who at all times relevant hereto was an insured of Defendant, State Farm Mutual Automobile Insurance Company, (hereinafter "State Farm").

9.      Defendant, State Farm, is an insurance company doing business in Delaware County, Pennsylvania, that at all times relevant hereto issued an automobile insurance policy (policy number 204 3473 B22 38) to Plaintiff's mother, Tracy Culbert, with underinsured motorist coverage in the amount of $100,000 (per person) and $300,000 (per accident) to protect her and the Plaintiff from damages incurred in

automobile accidents due the negligence of individual tortfeasors who have insufficient liability insurance to cover the injuries incurred by Plaintiff.  See Insurance Declarations Page attached hereto as "Exhibit A."

      10.    On or about August 31, 2012, Plaintiff sustained personal injuries in a motor vehicle accident that occurred in the state of Pennsylvania.

      11.    On the date of the accident, Plaintiff was covered by a policy of automobile insurance issued by Defendant (policy number 204 3473 B22 38).

      12.    As a result of the automobile accident of August 31, 2012, Plaintiff suffered, inter alia, injuries to his head, neck, and back, including a head injury, which consisted of six bleeds on his brain, back injury, which consisted of four compressed discs and one disc herniation, and a dislocated left shoulder, along with other injuries which required extended hospitalization, some or all of which injuries may be permanent.

      13.    As a further result of the accident of August 31, 2012, Plaintiff has been obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various expenses for which medical benefits are payable under Defendant's automobile insurance policy.   Plaintiff may be obliged to continue to expend various sums of money for an indefinite period of time into the future in order to receive treatment for the injuries suffered in the accident August 31, 2012. To date, Plaintiff has incurred at least the following reasonable and necessary medical expenses:

| | |
|---|---|
| Crozer Chester Medical Center | $147,039.00 |
| Riddle Hospital | $7,373.00 |
| Thomas Jefferson University Hospital | $15,163.00 |
| Aubrey Okpaku, M.D., Neurological Practice Assoc | $753.00 |
| Rothman Institute/Recon Ortho Assoc | $1,005.00 |

| | |
|---|---|
| Southeast Radiology, Ltd. | $252.00 |
| Assoc in Anesthesia Pain | $750.00 |
| HAN Network | $191.00 |
| Out of Pocket Expenses | $2,000.00* |
| *approximate | |
| **TOTAL** | **$174,526.00** |

14.     All of the medical bills specified above are fair and reasonable, and all treatment specified therein was medically necessary as a result of the injuries Plaintiff sustained in the accident of August 31, 2012.

15.     Plaintiff was informed by the tortfeasor's insurance company, Progressive Insurance, that their insured's policy limits were $30,000 per person and $60,000 per occurrence.

16.     Progressive settled with the Plaintiff for its $30,000 liability policy limit and State Farm (State Farm policy number 204 3473 B22 38) consented to said settlement.

17.     Plaintiff was informed by State Farm Mutual Automobile Insurance Company, the insurer of the driver of the vehicle in which Plaintiff was passenger at the time of the accident, that their insured's underinsured motorist policy limits were $50,000 per person and $100,000 per occurrence.

18.     State Farm Mutual Automobile Insurance Company settled with Plaintiff for its $50,000 UIM policy limit and State Farm (State Farm policy 503605708H) consented to said settlement.

19.     Defendant, State Farm (policy number 204 3473 B22 38), through its adjuster, Scott Whiteside, made a $100,000 UIM settlement offer to the Plaintiff on or about January 16, 2014.

20.     Following State Farm's $100,000 offer of the UIM limit, Plaintiff inquired of State Farm several times as to the status of the settlement check and was informed by State Farm that said settlement check should be received within 7 to 10 business days.

21.     Despite these representations by State Farm that the settlement check would be received within 7 to 10 business days, said settlement check was not received by the Plaintiff in said time frame.

22.     After the offer of the $100,000 UIM policy limit had been extended to the Plaintiff, State Farm re-assigned the UIM claim to another adjuster, replacing Scott Whiteside with Brian Matarese. Brian Matarese was familiar with the Plaintiff's claim because he was the State Farm adjuster that settled with the Plaintiff for State Farm's $50,000 UIM policy limit from State Farm policy number 503605708H.

23.     On or about March 5, 2014, State Farm informed the Plaintiff that the previous insurance adjuster on the UIM claim, Scott Whiteside, did not have authority to extend a settlement offer of $100,000 to the Plaintiff and State Farm withdrew its offer of $100,000 to settle the Plaintiff's UIM claim, pending further investigation.

24.     On or about March 5, 2014, State Farm for the first time began to assert that it did not know that the Plaintiff had health insurance before Mr. Whiteside extended the $100,000 UIM policy limit to the Plaintiff.

25.     State Farm's assertion that it did not know that Plaintiff had health insurance until on or about March 5, 2014, was untrue as State Farm had been in contact with Healthcare Recoveries on Mr. Culbert's claim as early as April 29, 2013, and the Client Number (8440662-838624) referenced in State Farm's letter is the same Client Number that has been referenced by the Plaintiff's health insurer throughout the processing of the Plaintiff's vehicle insurance claims. SEE: Letter, dated April 29, 2013, attached as "Exhibit B. "

26.     State Farm's assertion that it did not know that Plaintiff had health insurance until on or about March 5, 2014, was untrue because Plaintiff's counsel sent a letter to State Farm, dated September 13, 2013, wherein Plaintiff's counsel enclosed the above-referenced April 29, 2013 letter and payment log that had been sent from State Farm to the Plaintiff's healthcare insurer, Healthcare Recoveries. SEE: Letter, dated September 13, 2013, attached as "Exhibit C."

27.     The above-referenced letter, dated September 13, 2013 (Exhibit C), sent from Plaintiff's counsel to State Farm references State Farm Claim Number 38-1N75-005, which is the $100,000 UIM claim which forms the basis for Plaintiff's instant civil action against State Farm, and this constitutes clear evidence that State Farm was on notice of the existence of the Plaintiff's health insurance well before its offer of the $100,000 UIM policy limit and its withdrawal of that policy limit.

28.     On or about March 5, 2014, State Farm began to request medical records and bills on the Plaintiff, despite the fact that State Farm had such records and bills as a result of the Plaintiff's PIP claims with State Farm arising as a result of PIP coverage on both State Farm policies referenced hereinabove.  (State Farm policy covering vehicle in which Plaintiff was a passenger and State Farm policy covering Plaintiff's mother under which Plaintiff was covered as a resident relative of his mother's household).

29.     On March 24, 2104, State Farm advised Plaintiff's counsel that it had completed its evaluation of the Plaintiff's claim and that it would not offer any additional compensation to the Plaintiff, thus reducing a $100,000 UIM policy limit settlement offer to zero.

30.     State Farm's conduct constitutes breach of contract and bad faith because State Farm extended the $100,000 policy limit offer with full access to and knowledge of the Plaintiff's medical records and bills and the existence of Plaintiff's health insurance

coverage, only to breach its contract with the Plaintiff by falsely asserting a lack of access to and/or knowledge of the Plaintiff's medical issues and bills and a lack of knowledge of the existence of Plaintiff's health insurance.

31.     Despite State Farm's breach of contract and bad faith, the Plaintiff did provide State Farm an opportunity to settle the UIM claim as previously agreed before filing the instant suit and State Farm failed to avail itself of that opportunity, refusing to make any settlement offer to the Plaintiff, thus forcing the Plaintiff to file the instant lawsuit to enforce his rights.

### III. Breach of Contract and Bad Faith Claims

32.     Paragraphs 1 through 31 of Plaintiff's Complaint are here incorporated by reference.

33.     On or about January 16, 2014, Defendant offered Plaintiff the policy limits of $100,00 to settle his underinsured motorist claim.

34.     Prior to State Farm's offer of $100,000 to settle Plaintiff's UIM claim, State Farm had obtained the Plaintiff's medical records and bills in relation to the Plaintiff's PIP claim and had authority to review those records, so that there was no good faith basis for State Farm to withdraw its UIM settlement offer on grounds that it needed medical records or bills on the Plaintiff.

35.     Prior to State Farm's offer of $100,000 to settle Plaintiff's UIM claim, State Farm knew of the existence of the Plaintiff's healthcare insurance so that there was no good faith basis for State Farm to withdraw its UIM settlement offer on grounds that it did not know of the existence of the Plaintiff's healthcare insurance.

36.     Prior to State Farm's offer of $100,000 to settle Plaintiff's UIM claim, the Plaintiff fully complied with all of State Farm's requests and fully complied with all of State Farm's policy provisions, believing that State Farm had settled his UIM claim and

that the matter was resolved to the mutual satisfaction of all parties.

37.     State Farm's withdrawal of its settlement $100,000 UIM settlement offer and subsequent refusal to make any UIM settlement offer constitutes breach of contract and bad faith because the circumstances giving rise to the withdrawal of the $100,000 UIM settlement offer and ultimate refusal to make any UIM settlement offer do not justify such conduct under any reasonable interpretation of the facts, not the least of which is that the severity of the Plaintiff's injuries and damages clearly warrant a settlement in excess of $180,000, which is the combined limits of all available insurance coverage in this instance.

38.     State Farm's conduct in withdrawing and totally revoking its $100,000 UIM settlement offer is causing the Plaintiff harm, both economically and emotionally, and that harm continues with each day that State Farm refuses to honor its original promise to the Plaintiff to settle his UIM claim for the available policy limit.

39.     State Farm, in withdrawing its $100,000 settlement offer to the Plaintiff under his underinsured motorist coverage, acted with no reasonable foundation, and accordingly is liable to Plaintiff for attorney's fees and costs, pursuant to Section 1798 of the Pennsylvania Motor Vehicle Financial Responsibility Law.

WHEREFORE, Plaintiff demands judgment in his favor against State Farm Mutual Automobile Insurance Company, in an amount in excess of $75,000 and requests relief pursuant to 42 Pa.C.S. § 8371 with an award of interest on the amount of the claim from the date the claim was made by the insured to an amount equal to the prime rate of interest plus 3%; an award in punitive damages against State Farm Mutual Automobile Insurance Company; and an assessment of court costs and attorney fees, and all damages legally permissible under law against State Farm Mutual Automobile Insurance Company.

Respectfully submitted,

HEAVENS LAW FIRM, PLLC

BY:_____
          Christopher J.  Heavens, Esquire

DATED:_____